# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE MONROE, MICHIGAN CENTER FOR
INDEPENDENT LIVING, INC., *et al.*; on
behalf of themselves and all others similarly
situated,

          Plaintiffs,

v.

CITY OF MONROE, MICHIGAN,

          Defendant.
_____ /

Case Number: 02-CV-73130-DT

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**ORDER DIRECTING THE PARTIES TO PROVIDE CLASS MEMBERS WITH
REASONABLE NOTICE OF: 1) PLAINTIFFS' MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS FOR TIME EXPENDED
BETWEEN DECEMBER 24, 2003, AND JANUARY 14, 2005, AND
2) THE CLASS MEMBERS' RIGHT TO FILE ANY OBJECTIONS TO THAT MOTION
WITHIN THIRTY DAYS OF THE DATE THAT SUCH NOTICE IS GIVEN**

    Now before the Court is Plaintiffs' Motion for Award of Attorneys Fees and Costs for Time Expended Between December 24, 2003, and January 14, 2005.

    On July 19, 2004, the Court granted Plaintiffs' Unopposed Motion for Award of Attorney Fees and Costs for Time Expended from Inception of the Lawsuit Through December 23, 2003.[1]

---

[1] In granting that motion, the Court ensured that Plaintiffs had complied with Federal Rule of Civil Procedure 23(h)'s procedural requirements for an award of attorney fees and costs. Specifically, the Court found that Plaintiffs had notified the class, via a class notice published in *The Monroe Evening News,* of Plaintiffs' unopposed motion for attorney fees and costs in the amount of $85,000, and of the class members' right to object to the motion within thirty days. (July 19, 2004, Opinion at 3.) The Court confirmed that no class member had objected to that motion. (*Id.*)

1

On January 13, 2005, the Court, pursuant to the parties' stipulation, issued an order directing Plaintiffs to submit to this Court a claim for attorney fees and costs arising from their Motion for Contempt, filed on September 24, 2004.  In that order, the Court noted that it would determine the reasonableness of the fees and costs incurred by Plaintiffs' counsel.

On January 25, 2005, Plaintiffs filed the instant motion, in which they seek an award of attorney fees and costs arising from their contempt motion, as directed.  Plaintiffs also seek, however, an award of attorney fees and costs arising from their research and briefing on class-certification issues from December 24, 2003, through January 14, 2005, the date upon which the Court held a fairness hearing under Federal Rule of Civil Procedure 23(e).  Plaintiffs seek an award in the amount of $32,942.63 to Heberle & Finnegan, P.L.L.C., and an award in the amount of $4,832.25 to Megan Buffington, a paralegal.

On January 25, 2005, Defendant filed a response.  While Defendant does not oppose Plaintiffs' motion to the extent that it seeks an award of attorney fees and costs arising from Plaintiffs' contempt motion, Defendant contends that Plaintiffs are not entitled to an award of such fees and costs arising from their additional class-certification work.  (Resp. at 2.)

Federal Rule of Civil Procedure 23(h) permits a court to award reasonable attorney fees and non-taxable costs authorized by law or agreement of the parties.  The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* the Rehabilitation Act, and Michigan's Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301-02, all provide for attorneys fees and costs to prevailing plaintiffs.  *See* 42 U.S.C. § 12133; 29 U.S.C § 794a; M.C.L. § 37.1301-03.  To recover an award of attorney fees and costs under Rule 23(h), the parties must first move the

court, under Rule 54(d)(2), for such an award "at a time set by the court."[2]  Fed. R. Civ. P. 23(h)(1).  Notice of the motion "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner."  (*Id*.)  After notice is provided, any class member, or party against whom judgment is sought, may object to the motion.  Fed. R. Civ. P. 23(h)(2).  Regardless of whether objections are filed, the Court may, in its discretion, hold a hearing to determine whether an award is justified, and, if so, to set a reasonable fee.  Fed. R. Civ. P. 23(h)(3); *see also* Official Commentary.  The Court must, however, "find the facts and state its conclusions of law on the motion."  (*Id*.)

In the instant motion, Plaintiffs have neither represented nor submitted any evidence demonstrating that Rule 23(h)'s procedural requirements for an award of attorney fees and costs were satisfied.  Specifically, Plaintiffs have not shown that class members received reasonable notice of Plaintiffs' Motion for Award of Attorney Fees and Costs for Time Expended Between December 24, 2003, and January 14, 2005 as well as of the class members' right to object to that motion within a reasonable time.  In its January 13, 2005, order directing Plaintiffs' to file a motion for an award of attorney fees and costs arising from their contempt motion, the Court did not expressly order that the class members receive such notice as it had done with Plaintiffs' previous motion for an award of attorney fees and costs.

The Court, therefore, directs the parties to provide class members with reasonable notice of: 1) Plaintiffs' Motion for Award of Attorney Fees and Costs for Time Expended Between December 24, 2003, and January 14, 2005, seeking such fees and costs in the amount of

---

[2]Fed. R. Civ. P. 54(d)(2) governs claims for attorneys' fees and related nontaxable expenses.

$37,774.88; and 2) the class members' right to file any objections to that motion within thirty days of the date that such notice is given. Alternatively, the Court directs the parties to submit to the Court evidence demonstrating that such notice has already been given and whether any class member has filed an objection within a reasonable time of receiving such notice.

After the parties advise the Court that the time for filing objections to Plaintiffs' motion has expired, as set forth in the requisite notice, the Court will determine whether a hearing on the motion is necessary and, thereafter, will determine whether the requested award is justified and, if so, the reasonableness of the amount requested.

SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: July 11, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 11, 2005.

                                                s/Jonie Parker
                                                Case Manager