UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE MONROE MICHIGAN CENTER
FOR INDEPENDENT LIVING, INC.,
et al., on behalf of themselves and all
others similarly situated,

       Plaintiff,                    CIVIL ACTION NO. 02-73130

       v.                              DISTRICT JUDGE PAUL D. BORMAN

CITY OF MONROE, MICHIGAN,      MAGISTRATE JUDGE VIRGINIA MORGAN

       Defendant.
_____/

**MEMORANDUM OPINION AND ADJOURNMENT OF STATUS CONFERENCE**

This matter has been referred to the undersigned for a Report and Recommendation on four pending motions. These include: Motion to Amend/Correct the Second and Final Consent Decree filed June 27, 2006 (D/E 62), Motion to Strike Motion to Amend/Correct the Second and Final Consent Decree filed June 27, 2006 (D/E 63), Motion to Enforce Judgment on Paragraph 3 and 3(a) of Second and Final Consent Decree (D/E 65), and Motion for Sanctions Pursuant to FRCP Rule 11 filed 10/4/06 (D/E 84). A hearing on these motions is set for February 6, 2007 at 2:00 PM.

The court held the status conference to advise counsel of its concerns regarding the manner and proposed outcome of this litigation. These numerous motions as well as the myriad of iterations of the consent decrees raise the specter of continued litigation where there has never

been a judicial determination of any federal statutory violation or a finding of irreparable injury or that the decree is in the public interest as is normally required for injunctive relief.  As has been discussed by many courts, and by Congress, see, e.g., 18 U.S.C. §3626(b)92), a district court should not require a unit of state or local government to abide by a consent decree that does not serve any federal interest.  "The court must ensure that there is a substantial federal claim, not only when the decree is entered, but also when it is enforced, and that the obligations imposed by the decree rest on this rule of federal law rather than the bare consent of the office holder." Evans v. City of Chicago, 10 F.3d 474 (7th Cir 1993) [Evans III].  "Courts must be especially cautious when [state officials] seek to achieve by consent decree what they cannot achieve by their own authority." League of United Latin American Citizens v. Clements, 999 F.2d 831, 846 (5th Cir. 1993) (en banc).  "Judicial approval . . . may not be obtained for an agreement which is . . . contrary to the public interest." Williams v. Vokovich 720 F.2d 909, 920 (6th Cir. 1993).  These concerns are alive and well as each of these above cases is cited with approval in the recent case of Coalition to Defend Affirmative Action v. Granholm, __ F.3d __ , 2006 WL 3831217 (C.A. 6 (Mich.), 12/29/2006).

In the instant case, plaintiffs claim a violation of the Americans with Disabilities Act (ADA) against the City of Monroe with respect to wheelchair access at a variety of locations. However, the federal court has not ever determined that there is a substantial federal claim. Instead, the parties have stipulated for entry of consent decrees calling for correction of particular intersections and walks.  No federal court has ever determined that any of the consent decrees furthered the interests of all parties and the public.  While plaintiffs claim a definite

benefit for persons requiring wheelchair access, there has not been any determination that the judicial directive remedies a violation of federal law. Indeed, commentators have described the battle over curb ramps to be the paradigmatic example of "Democracy by Decree" [judicial consent decrees as setting policy] as curb ramps are not something required by the ADA itself, but by Justice Department regulations interpreting the ADA. See, <u>Democracy by Decree: What Happens When Courts Run Government</u> by Sandler and Schoenbrod, Reviewed by Susan Poser, 102 Mich. Law Review 1307 (2004). No court has determined that the consent decrees further the interests of taxpayers or other members of the public or even the wheelchair bound individuals. It is exactly this kind of decree entered on the parties say-so and requiring continued judicial oversight that has been the subject of abuse in the past in other areas of institutional litigation and has required re-examination of such consent decrees dating from the 1970s and 1980s. See, e.g., <u>Rufo v. Inmates of Suffolk Co. Jail</u>, 502 U.S. 367 (1992); <u>Sweeton v. Brown</u>, 27 F.3d 1162 (6th Cir. 1994).

   Certain principles guide the court in determining whether to enter such an order. As discussed above, the federal court may not require a unit of state or local government to abide by a consent decree that does not serve any federal interest. <u>Evans v. City of Chicago</u>, 10 F.3d 474, 475 (7th Cir. 1993). Although, of course, courts may, in appropriate cases, provide relief that benefits individuals who were not the victims of the defendant's unlawful practices, and the court retains jurisdiction to modify the consent decree, even over the objection of a signatory and non-compliance is enforceable through contempt. See, <u>Firefighters v. Cleveland</u>, 478 U.S. 501, 518 (1986). However, the consent decree must spring from and serve to resolve a dispute within

the court's subject matter jurisdiction. <u>Id.</u> At 525. A court must identify the rule of law that supports a consent decree and binds the political arms of government. In making such inquiry, the court is bound by principles of federalism and by the fundamental differences between judicial and political branches of government. <u>Evans</u> at 479. Because consent decrees require continuing supervision by the district court, judges need a good reason, one in addition to the parties' agreement before diverting attention from other business in this fashion. <u>Id</u>. at 477, citing <u>System Federation v. Wright</u>, 364 U.S. 642, 651 (1961). A federal court is more than a recorder of contracts from whom parties can purchase injunctions, it is an organ of government constituted to make judicial decisions. No judicial decision has been made here. <u>Firefighters v. Cleveland</u>, 478 U.S. 501, 525 (1986).

    Because the consent decree as is proposed here entangles an arm of federal government in the administration of another sovereign, it affects budgetary decisions, taxpayers rights, rights of other citizens with their own needs (e.g. the young, the homeless or the mentally ill), as well as future officials. While such a court may involve itself in such issues when there is justification, the parties consent is not automatically sufficient. Cf. <u>Missouri v. Jenkins</u>, 495 U.S. 33 (1990). In addition, consent alone is insufficient to support a commitment by a public official that ties the hands of his successors. <u>Evans</u> at 478; <u>League of United Latin American Citizens v. Clements</u>, 999 F.2d 831, 846 (5th Cir. 1993)(en banc). Here the proposed consent decree is for approximately seven years, and definitely impacts future office holders.

    Additionally, the court is concerned regarding the issues of attorneys fees, particularly for future aspects of the litigation, particularly when defendant has seemed to agree to all the relief

sought and the court has resolved no aspect of the case in a "concrete and irreversible" way. Dupuy v. Samuels, 423 F.3d 714 (7th Cir. 2005). Generally, each party in litigation is to bear its own costs. Because the ADA is a fee-shifting statute, a court in its discretion may award reasonable attorney fees to a prevailing plaintiff. Buckhannon Board & Care Home v. West Virginia Dept. Of Health & Human Services, 532 U. S. 598 (2001); Maher v. Gagne, 448 U.S. 122 (1980). The consent decree may provide "prevailing party" status. But plaintiff's establishment of prevailing party statues does not make all later work compensable. Cody v. Hillard, 304 F.3d 767 , 773 (8th Cir. 2002). There the court reviewed limitations on compensability, including the degree of success in the case as a whole, whether post-judgment work is a necessary adjunct to the initial litigation, whether the case has been over-litigated by plaintiff, and if the services are redundant, inefficient, or unnecessary. Id.

On January 4, 2007, counsel for plaintiffs and defendants met and conferred with the magistrate judge in chambers regarding resolution of the case via a Stipulated Order of Dismissal instead of a continuing Consent Decree. Such an order would provide for dismissal with prejudice, without costs and, as agreed upon between the lawyers, without further attorney fees or with fees in the amount of a sum certain. The order of dismissal may also include, at counsel's option, a provision for the court to retain jurisdiction to enforce the terms of the settlement, so long as the contractual settlement agreement contains an appropriate provision for notice and cure and the agreement itself is limited to a reasonable time period. However, the form of this remains subject to the court's approval.  The parties will endeavor to resolve the matter and submit an order for signature by the district judge (copy to the magistrate judge) on or

before February 6, 2007.  If not so resolved, the status conference and hearing on the motions will be continued with the magistrate judge at 2:00 p.m. on that date in room 651.

                                                S/Virginia M. Morgan
                                                United States Magistrate Judge

Dated:  January 17, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing pleading was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 17, 2007.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan